IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SEAN SULLIVAN,                )
                              )
         Plaintiff,           )
                              )
    v.                        )    No. 09 C 7787
                              )
LIFE FITNESS, INC.,           )
                              )
         Defendant.           )

MEMORANDUM ORDER

Life Fitness, Inc. ("Life Fitness") has filed its Answer and Affirmative Defenses ("ADs") to the FMLA action brought against it by its ex-employee Sean Sullivan ("Sullivan"). This sua sponte memorandum order is occasioned by two problematic aspects of the ADs.[1]

First, AD 1 properly invokes the two-year limitations period prescribed by 29 U.S.C. §2617(c)(1). But it concludes in this fashion:

> Thus, Sullivan's allegations relating to events allegedly occurring in November 2007 are time-barred.

That assertion improperly conflates the issue of the <u>actionability</u> of earlier events under FMLA with the propriety of <u>allegations</u> as to such events--to the extent that such allegations may arguably bear on such issues as intent, evidence in support of the allegations may well be admissible.

---

[1] No effort has been made here to be exhaustive. Sullivan is of course free to address any other aspects of the responsive pleading that he deems improper.

Accordingly the quoted sentence is stricken.

Second, as to AD 3, its first sentence's assertions are at odds with some of the allegations in Sullivan's Complaint, thus failing to conform to the concept embodied in Fed. R. Civ. P. 8(c) and the caselaw applying it--see App'x ¶5 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001). Life Fitness' stated denials to Sullivan's allegations in the body of the Answer suffice to put such matters at issue. Nonetheless this Court will not strike Life Fitness' belt-and-suspenders approach.

_____
Milton I. Shadur
Senior United States District Judge

Date: March 2, 2010